IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| KATHY SAUNIER, ) <br> ) <br> Plaintiff, ) <br> ) No. 2:24-cv-01229-DCN <br> vs. ) <br> ) **ORDER** <br> ALEXUS ODOM, *individually*; DOORDASH, ) <br> INC.; ASSURANT INSURANCE AGENCY, ) <br> INC.; VOYAGER INDEMNITY ) <br> INSURANCE COMPANY; and GLOBAL ) <br> P&C CLAIMS,[1] ) <br> ) <br> Defendants. ) <br> _____) | |

The following matter is before the court on defendants Assurant Insurance Agency, Inc. ("Assurant"), DoorDash, Inc. ("DoorDash"), and Voyager Indemnity Insurance Company's ("Voyager") joint motion to dismiss. ECF No. 4. It is also before the court on plaintiff Kathy Saunier's ("Saunier") motion to remand. ECF No. 6. For the reasons set forth below, the court grants the motion to remand and remands the case to the Charleston County Court of Common Pleas.

**I.  BACKGROUND**

This case arises from the actions taken by the various parties in the wake of a car accident between Saunier and defendant Alexus Odom ("Odom"). On or about November 10, 2019, Odom failed to yield the right of way when she allegedly made an unlawful turn in front of Saunier's vehicle, which resulted in a violent collision between

---

[1] In the notice of removal, defendants note that Global P&C Claims ("Global") is a division within Assurant and not an independent legal entity that can be sued. ECF No. 1 ¶ 13.

1

the two vehicles. ECF No. 1-1 at 1–14, Compl. ¶¶ 13–17. At the time, Odom was in the process of making a food delivery for DoorDash.[2] Compl. ¶¶ 13–17.

On or about November 22, 2019, Saunier submitted an "Automobile Notice of Loss" to DoorDash. Id. ¶ 18; ECF No. 1-1 at 15–17. On November 25, 2019, DoorDash provided Assurant and Voyager—companies that, with Global (collectively, the "Insurers"), provided DoorDash's commercial auto insurance policy for Dashers at the time—with information related to the claim against Odom. Compl. ¶ 22. That information indicated that Odom was on a dash at the time of the motor vehicle collision. Id. That same day, Assurant and Voyager acknowledged receipt of the claim. Id. ¶ 23. On December 10, 2019, Saunier provided a letter of representation and notice of her claim to Assurant and Voyager. Id. ¶ 25; ECF No. 1-1 at 20–21. On December 27, 2019, the Insurers wrote to Saunier to acknowledge receipt of her letter of representation and to indicate that an investigation was underway to determine if Odom was dashing at the time of the motor vehicle collision. Compl. ¶ 26; ECF No. 1-1 at 22–23.

On or around March 23, 2020, the Insurers—specifically, the Global division within Assurant—denied insurance coverage for the collision and purportedly misrepresented to Saunier that Odom was not an active Dasher during the term of coverage at the time of the motor vehicle collision. Compl. ¶¶ 27–28; ECF No. 1-1 at 24–26. Allegedly based on the Insurers' misrepresentations, Saunier entered a Covenant Not to Execute ("CNTE") as to Odom on or about September 29, 2020, and filed a complaint solely against Odom in the Charleston County Court of Common Pleas on

---

[2] DoorDash's food delivery operators are known as "Dashers," whereas the process of delivering ordered food is known as being on a "dash" or "dashing." See Compl. ¶¶ 22–24.

April 6, 2022.  Compl. ¶¶ 29–30; ECF No. 1-1 at 27–31, Saunier v. Odom, No. 2022-CP-10-01595 (Charleston Cnty. Ct. C.P. Apr. 6, 2022) (the "Wreck Lawsuit").  Later that year, on October 21, 2022, Saunier's underinsured motorist carrier issued a subpoena to Global for information about the policy and any files related to the November 10, 2019 collision.  Compl. ¶ 31.  The Insurers issued a letter to Odom on November 11, 2022, which indicated that Odom may have been on a DoorDash delivery at the time of the accident.  Id. ¶ 33.  On November 17, 2022, the Insurers provided documents responsive to the subpoena to Saunier, which included the November 11, 2022 letter they had sent to Odom.  Id. ¶ 34.  On January 24, 2023, Saunier filed an amended complaint naming DoorDash as a defendant in the Wreck Lawsuit.  Id. ¶ 35.  On March 8, 2023, DoorDash filed a motion to dismiss in the Wreck Lawsuit which asserted that the amended complaint came after the statute of limitations had run and which further claimed that Saunier's amended claims did not relate back to the original filing of the complaint.  Id. ¶ 36.  On June 17, 2024, the judge presiding over the Wreck Lawsuit orally denied the motion to dismiss.

On March 13, 2023, Saunier filed the instant case in the Charleston County Court of Common Pleas against Odom, DoorDash, and the Insurers.  Compl. ¶¶ 1–10, Saunier v. Odom, No. 2023-CP-10-01236 (Charleston Cnty. Ct. C.P. Mar. 13, 2023).  She brings three causes of action: (1) negligent misrepresentation; (2) civil conspiracy; and (3) fraud. Id. ¶¶ 37–70.  On March 13, 2024, the Insurers and DoorDash removed this case to this court pursuant to its diversity jurisdiction.  ECF No. 1.  They allege that Odom was fraudulently joined in this action to destroy diversity and prevent removal.  ECF No. 1. On March 13, 2024, the Insurers and DoorDash filed a joint motion to dismiss Saunier's

claims against Odom. ECF No. 4. On March 27, 2024, Saunier responded in opposition to that motion. ECF No. 7. That same day, Saunier filed a motion to remand. ECF No. 6. On April 17, 2024, both Doordash and the Insurers filed their respective responses in opposition. ECF Nos. 11 (Doordash); 12 (Insurers). On April 24, 2024, Saunier replied to the two responses. ECF No. 15. On June 12, 2024, the court held a hearing on the motions in this case. ECF No. 21. As such, the motions are fully briefed and are now ripe for review.

## II.  STANDARD

### A.  Motion to Remand

Federal courts are of constitutionally limited jurisdiction. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retaining state court jurisdiction, Baxley v. Advance Auto Parts, Inc., 2011 WL 586072 at *1 (D.S.C. Feb. 9, 2011) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). Because removal raises significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises from federal law, see 28 U.S.C. § 1331, or where the amount in controversy

exceeds the sum or value of $75,000 and the claim is between citizen of different states, see 28 U.S.C. § 1332.

Under 28 U.S.C. § 1332(a), a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). There must be complete diversity, meaning "no party shares common citizenship with any party on the other side." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999) (citing Strawbridge v. Curtiss, 7 U.S. 267 (1806)). Therefore, if a case originally brought in state court could have been instituted in federal court under diversity jurisdiction, the defendant may remove the action to federal court so long as certain procedures are followed and specific conditions are met. 28 U.S.C. §§ 1441, 1446.

To remove a case to federal court, "the defendant or defendants must file a 'notice of removal[] containing a short and plain statement of grounds for removal.'" Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir. 2013) (quoting 28 U.S.C. § 1446(a)). Diversity jurisdiction is determined on the face of the complaint, not by which defendants have been served—properly or otherwise. See Hunter Douglas Inc. v. Sheet Metal Workers Int'l Ass'n. Loc. 159, 714 F.2d 342, 345–46 (4th Cir. 1983). "[F]ederal jurisdiction . . . is fixed at the time the . . . notice of removal is filed." Dennison v. Carolina Payday Loans, Inc., 549 F.3d 941, 943 (4th Cir. 2008) (internal citation omitted). "The burden of establishing federal jurisdiction is placed upon the party seeking removal," Mulcahey, 29 F.3d at 151 (citation omitted), and defendants have the burden to show the existence of federal jurisdiction by a preponderance of the

evidence, Johnson v. Nutrex Rsch., Inc., 429 F. Supp. 2d 723, 726 (D. Md. 2006) (citing Schwenk v. Cobra Mfg. Co., 322 F. Supp. 2d 676, 678 (E.D. Va. 2004)).

### B. Motion to Dismiss[3]

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) ... does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Lab'ys, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Lab'ys, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

---

[3] DoorDash and the Insurers do not specify the rule by which they seek the dismissal of Odom as a defendant. See generally ECF No. 4. However, their memorandum in support indicates that they seek to dismiss Odom "because [Saunier] cannot establish the claims of negligent misrepresentation, fraud, or conspiracy against Odom." Id. at 4. As such, the court infers that they filed a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted. See id.; Fed. R. Civ. P. 12(b)(6).

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. DISCUSSION

"Subject matter jurisdiction is a threshold issue" which a court "must address before addressing the merits" of a claim. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); see Hendiazad v. Ocwen Loan Servicing, LLC, 828 F. App'x 923, 924 (4th Cir. 2020). Without subject matter jurisdiction, "a court can only decide that it does not have jurisdiction." Burrell v. Bayer Corp., 918 F.3d 372, 379 (4th Cir. 2019). Accordingly, "when faced with a motion to remand and a motion to dismiss, a court must first assess the motion to remand and may only consider the motion to dismiss if the court determines it has subject matter jurisdiction over the action." Smallwood v. Builders Mut. Ins. Co., 2024 WL 844868, at *5 (E.D. Va. Feb. 28, 2024) (citing Santiago v. Pro. Foreclosure Corp. of Va., 2023 WL 6964746, at * 2 (E.D. Va. Oct. 20, 2023)). Consequently, the court begins with the motion to remand because it may only reach the motion to dismiss after confirming that it has jurisdiction to hear the case.

**A. Motion to Remand**

The Insurers and DoorDash removed the case to federal court based on diversity jurisdiction. ECF No. 1. The Insurers and DoorDash contend that Odom is a sham defendant that Saunier named for the purpose of defeating diversity. ECF No. 1 ¶ 25. In essence, if the individual defendant Odom is joined, there is incomplete diversity between

7

Saunier and the defendants, and federal jurisdiction will not attach.[4]  See Compl. ¶¶ 1–10; Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999).  On the other hand, if Odom is dismissed, then the court has diversity jurisdiction over this case.  ECF No. 1 ¶ 25; Hartley, 187 F.3d at 424.  Before reaching the issue of diversity of parties, the court first examines whether the amount in controversy is met in this case, to determine whether removal was proper on that basis.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 87 (2014).  Courts look to a plaintiff's complaint to determine the amount in controversy, provided the complaint is made in good faith.  JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (citing Wiggins v. N. Am. Equitable Life Assurance Co., 644 F.2d 1014, 1016 (4th Cir. 1981)).  When the amount of damages is unspecified in the complaint, the "defendant must provide evidence to 'show . . . what the stakes of litigation . . . are given the plaintiff's actual demands.'"  Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 194 (4th Cir. 2017) (quoting Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 449 (7th Cir. 2005)).

---

[4] Saunier is a citizen of South Carolina.  Compl. ¶ 1.  Odom is also a citizen of South Carolina.  Id. ¶ 2.  DoorDash is incorporated in Delaware with its principal place of business in California.  ECF No. 1 ¶ 10.  Assurant is incorporated in Minnesota with its principal place of business in Florida.  Id. ¶ 11.  Voyager is incorporated in Georgia with its principal place of business in Georgia.  Id. ¶ 12.  Global is a division within Assurant and not an independent legal entity that can be sued.  Id. ¶ 13.  Thus, the inclusion of Odom as a defendant prevents complete diversity and bars removal to federal court.  See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).

"When a plaintiff's complaint does not specify damages, a court may consider 'any evidence of the amount in controversy.'" Decker v. USAA Cas. Ins. Co., 683 F. Supp. 3d 488, 493 (M.D.N.C. 2023) (quoting Lunsford v. Cemex, Inc., 733 F. Supp. 2d 652, 658 (M.D.N.C. 2010)). "Such evidence can include post-removal stipulations by the plaintiff regarding the amount in controversy." Id. (citing Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1996) (collecting cases)). It is true a plaintiff cannot deprive the district court of jurisdiction by reducing his claim via post-removal stipulation. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). However, when a court faces "indeterminate claims," it may "consider a stipulation filed by the plaintiff that [the amount in controversy is below the threshold amount]." Gwyn, 955 F. Supp. at 46. "Under such circumstances, a post-removal stipulation is not an attempt to divest a federal court of jurisdiction, but rather an effort to clarify whether federal jurisdiction existed when the action was removed." Decker, 683 F. Supp. 3d at 493 (citing Griffin v. Holmes, 843 F. Supp. 81, 88 (E.D.N.C. 1993)).

In their notice of removal, DoorDash and the Insurers specify that the amount in controversy requirement is met because Saunier is seeking $99,994.11 in past medical expenses and $362,486.72 in future medical expenses in the Wreck Lawsuit. ECF No. 1 ¶¶ 23. They further identify that Saunier seeks to recover actual and punitive damages and that her sought damages in the instant case include the damages stemming from "execution of a [CNTE], loss of rights, unnecessary expenses, and costs." Id. ¶¶ 21–22 (Compl. ¶ 21). At the hearing, the court questioned whether the amount in controversy was met. ECF No. 21. It confirmed that Saunier was not seeking her medical expenses in this case—she is seeking them in the Wreck Lawsuit—and Saunier further stated that

9

the anticipated amount in controversy in this case was less than $75,000 at the time of removal. Id. As such, the court is confronted with DoorDash and the Insurer's insistence that the anticipated damages are above the $75,000 threshold because Saunier seeks "execution of a [CNTE], loss of rights, unnecessary expenses, and costs" whereas Saunier insists that those damages are below the $75,000 threshold. See id. Saunier's stipulation deprives the court of subject matter jurisdiction because the amount in controversy is not met. As such, the court grants the motion to remand and remands the case.

This conclusion is buoyed by DoorDash's arguments in its response in opposition to the motion to remand. With regards to complete diversity, DoorDash and the Insurers take a different tack and contend that Saunier's alleged damages "are completely speculative" because they are "based on the assumption that [Saunier's] result in the [Wreck Lawsuit] . . . will be negatively affected by the fact that DoorDash is not a party," and they claim that having the damages contingent on the award in the Wreck Lawsuit means that "the damages sought are still impermissibly speculative." ECF No. 11 at 8. In other words, DoorDash and the Insurers want it both ways. They want to rely on those speculative damages to remove this case to federal court, but they want the court to discount those speculative damages in its analysis of whether Odom was fraudulently joined to defeat diversity jurisdiction. Compare ECF No. 1 ¶¶ 21–24 with ECF No. 11 at 8. Saunier's stipulation at the hearing as to the amount in controversy eliminates any claimed ambiguity regarding the amount in controversy.[5] See ECF No. 21.

---

[5] Upon finding that the amount in controversy is not met, the court need not reach the parties' arguments as to the lack of complete diversity as a basis for remand or the motion to dismiss.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to remand and **REMANDS** the case.[6]

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**June 25, 2024**
**Charleston, South Carolina**

---

[6] Upon the denial of the motion to dismiss DoorDash as a defendant in the Wreck Lawsuit, the court finds that all the same parties are present in both cases (with the Insurers present in the Wreck Lawsuit on behalf of Odom).  See ECF No. 21.  The undersigned observes that resolution of both cases in the Charleston County Court of Common Pleas serves judicial economy because this case is inextricably intertwined with that of the Wreck Lawsuit.

11